D. Maimon Kirschenbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA
Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

**DAVID LAZAZZERA, on behalf of himself
and others similarly situated,**                                **CASE NO.**

              **Plaintiffs,**                                **<u>COMPLAINT</u>**

       **v.**                                **FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION**

**WAVERLY RESTAURANT LLC d/b/a  THE
WAVERLY INN, GRAYDON CARTER,**                                **JURY TRIAL DEMANDED**
**ERIC GOODE, and SEAN MACPHERSON,**

            **Defendants.**
-------------------------------------------------------x

      Plaintiff alleges as follows:

<u>**INTRODUCTION**</u>

     1.     Graydon Carter has publicly bashed President Trump, in fact famously referring to

Mr. Trump as "The Cheapest Zillionaire" in his publication *Spy* magazine. Unfortunately, Mr.

Carter lives in a glass house.  At his own Waverly Inn Restaurant – which boasts on its menu

"[w]orst food in the city-Donald Trump" – servers are required to perform menial tasks such as

filling condiment jars, arranging linens, filling ice buckets, and folding tens of napkins at a sub-

minimum wage.  The simple reason is that it is cheaper for the Waverly Inn to pay servers the

lower tipped employee minimum wage to do this work than to properly staff the restaurant with

employees who are paid the full minimum wage required for menial labor.

2.     The Waverly Inn also uses servers' hard-earned tip money to compensate a back of the house employee – an expediter – instead of paying the expediter his appropriate wage from the restaurant's own funds.

3.     Plaintiff was an all-star server who was the designated server for VIP patrons such as Oprah Winfrey, Sting, Sharon Stone, Adele, and many more.  Plaintiff had a beyond-stellar record as a server at The Waverly Inn.  However, one night after performing hours of non-service menial labor for less than the minimum wage, his manager forced him to perform even more underpaid work at the end his long shift (after 11:15 p.m.).   Plaintiff complained about this illegal requirement.  Plaintiff was terminated the very next day.

## JURISDICTION AND VENUE

4.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

6.     Defendant Waverly Restaurant LLC is a corporation organized and existing under the laws of the State of New York that owns and operates the restaurant Waverly Inn which is located at 16 Bank Street, New York, New York ("The Waverly" or the "Restaurant").

7.     Defendant Waverly Restaurant LLC has an annual gross volume of sales in excess of $500,000.

8.     Defendant Waverly Restaurant LLC is owned, and its operations are conducted, by Defendants Graydon Carter, Sean Macpherson and Eric Goode (the Individual Defendants").

9.     The Restaurant's liquor license is in the name of Defendants Macpherson and Goode.

10.    The Individual Defendants are often present at the restaurant and are actively involved with management decisions at the restaurant.

11.    The Individual Defendants have authority over hiring and firing and disciplining employees at the Waverly Inn.

12.    The Individual Defendants have and exercise significant authority with respect all monetary aspects of running the Restaurant, including payroll.

13.    Plaintiff David Lazazzera was employed by Defendants as a server at The Waverly Inn from 2015 to 2019.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

14.    Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than service managers, employed by Defendants at the Waverly Inn on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

15.    At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common

policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the proper overtime rate for all hours worked over forty (40) hours in a workweek and retaining service employees' tips.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Plaintiff brings the State Law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Defendants on or after the date that is six years before the filing of this Complaint (the "Class Period").

18.     All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable.   The number and identity of the Class members are determinable from Defendants' records.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

19.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the

precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

20.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.   All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all minimum and overtime wages owed and failing to provide Class members with required wage notices.   Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.   Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.   Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants.   Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are

small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

24.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a)  Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c) Whether Defendants paid Plaintiff and the Class members the appropriate minimum wage for all hours worked.

d) Whether Defendants paid Plaintiff and the Class members the appropriate overtime wage for all overtime hours worked.

e) Whether the Defendants required Plaintiff and the Class Members to share tips with non-service employees;

f) Whether Defendants gave Plaintiffs and the Class members the wage notices and wage statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

## **FACTS**

### **Wage and Hour Claims**

25.     Plaintiff's consent to sue form is attached hereto as Exhibit A.

26.     Plaintiff was paid an hourly rate that is lower than the New York State minimum wage during his employment by Defendants.

27.     Plaintiff was in fact paid a "tip credit" hourly wage for all hours worked, even though a good chunk of his time worked was spent performing menial non-tipped work ("sidework").

28.     Defendants were not entitled to utilize the tip credits set forth under the New York Labor Law, because they required Plaintiff to spend at least two hours per shift, and at times more than 20% of his shifts, performing non-tipped work.

29.     Specifically, Plaintiff was usually required to arrive at 4:15 p.m. for a dinner shift, even though the doors only opened at 6:00 p.m.   During this time, Plaintiff had to perform sidework.  In addition, at the end of a shift, which was sometimes 11:00 p.m. or later, Plaintiff was required to perform additional sidework, so that his total sidework for the day far exceeded two hours and 20% of his workday.

30.     Plaintiff's sidework included arranging linens, filling ice buckets, breaking down the dining room, filling condiments, and folding a mandatory 50 napkins per night (25 on weeknights).

31.     Some weeks Plaintiff worked overtime.  For example, Plaintiff worked 42.97 hours the week ending October 21, 2018.

32.     Because Defendants were not entitled to pay him at the tip credit minimum wage under New York law, his regular rate for purposes of federal and state overtime calculations could not have included any tip credits.

33.     Defendants required Plaintiff to pool his tips with non-service employees.

34.     Defendants' tip pool illegally included an expediter named Sammy who seldom if at all provided customer service.  He worked in the kitchen.

35.     Defendants did not state the full New York minimum wage on Plaintiffs weekly wage statements.  Instead, the statements listed the tip credit minimum wage, which Defendants were not entitled to use.

36.     Defendants committed the foregoing acts against Plaintiff, the FLSA Collective and the Class.

**Retaliation Claims**

37.     In early January 2019, Plaintiff checked in with manager Yezenia Mojica at 11:15 p.m. at the end of his dinner shift.  Plaintiff had already folded 75 napkins that night, more than the 50 required of all servers. Ms. Mojica told Plaintiff: "Do your sidework," insisting that Plaintiff perform more non-tipped work – folding 50 more napkins – at the lower tip credit minimum wage.

38.     Plaintiff pointed out that he had already done his sidework for the night.  Ms. Mojica became angry and said, "I don't believe you," and belligerently threatened Plaintiff to write him up if he did not perform more underpaid sidework.  Plaintiff protested several times but ultimately acquiesced to Ms. Mojica's demand that he fold at least 25 more napkins.

39.     The next day, Randy Neff, Manager, told Plaintiff – who had never had any stain on his stellar performance at the Restaurant – that Plaintiff was terminated for defying Ms. Mojica's (illegal) demands the prior night.

## FIRST CLAIM FOR RELIEF
### FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiff against the Defendants

40.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

42.     At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

43.     Throughout the statute of limitations period covered by these claims, Defendants knowingly retained a portion of Plaintiff and the FLSA Collective Plaintiffs' gratuities.

44.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**FLSA Overtime Violations, 29 U.S.C. § 207**
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective**
**Plaintiffs against the Defendants**

45.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.   At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

47.     Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

48.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff and FLSA Collective Plaintiffs at one-and-one-half times their regular rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff and the FLSA Collective Plaintiffs have been and are entitled to overtime.

49.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*
### Brought by Plaintiff on Behalf of Himself and the Class
### Members Against the Defendants

50.     Plaintiff, on behalf of himself and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

51.     Defendants knowingly paid the Plaintiff and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

52.     Defendants did not pay Plaintiff and members of the Class minimum wage for all hours worked.

53.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### New York Overtime Violations
### New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
### N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4
### Brought by Plaintiff on Behalf of Himself and the Class
### Members against the Defendants

54.     Plaintiff, on behalf of himself and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

55.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

56.     Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

57.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
**New York Wage Statement Requirements, N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Himself and the Class**
**members against the Defendants**

58.     Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

59.     Defendants did not provide Plaintiffs and the members of the Class with accurate wage statements required by N.Y. Lab. Law § 195.

60.     As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### SIXTH CLAIM FOR RELIEF
**Illegal Deductions from Gratuities, N.Y. Lab. L. §196-d**
**Brought by Plaintiff on Behalf of Himself and the Class**
**Members Against the Defendants**

61.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

62.     Defendants illegally required Class members to share gratuities with non-service employees.

63.     As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**SEVENTH CLAIM FOR RELEIF**
**NYLL Retaliation, N.Y. Lab. L. § 215**

71.     Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

72.     Defendants willfully and unlawfully retaliated against Plaintiff for his engagement in protected activities, namely his complaint regarding performing underpaid sidework.

73.     In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

74.     Defendants' conduct violated the New York Labor Law § 215.

75.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, liquidated damages, punitive damages, front pay, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A.      An award of damages, according to proof, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants;

B.      Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D.      Designation of this action as a class action pursuant to F.R.C.P. 23;

E.      Designation of Plaintiff as Representative of the Class;

F.      An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G.      An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, punitive damages, and liquidated damages, to be paid by Defendants;

H.      Penalties available under applicable laws;

I.      Costs of action incurred herein, including expert fees;

J.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

K.      Pre-judgment and post-judgment interest, as provided by law; and

L.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York       Respectfully submitted,
       March 20, 2019

                                     JOSEPH & KIRSCHENBAUM LLP


                                     By: _/s/ D. Maimon Kirschenbaum_
                                         D. Maimon Kirschenbaum
                                         32 Broadway, Suite 601
                                         New York, NY 10004
                                         Tel: (212) 688-5640
                                         Fax: (212) 688-2548

                                     _Attorneys for Named Plaintiff, proposed_
                                     _FLSA Collective Plaintiffs, and proposed_
                                     _Class_


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by the Waverly Inn and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_DAVID Anthony Lazarrera_
Full Legal Name (Print)

_[signature]_
Signature

_3/13/2019_
Date